IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN HENRY MILLER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-245-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John Henry Miller, TDCJ-ID #1312471, was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), at the time this petition was filed. He was released on parole on February 11, 2008.[1] His current address is unknown.

Respondent Nathaniel Quarterman is the Director of TDCJ.

---

[1] Miller's date of release on parole was confirmed via telephonic communication with TDCJ on this date.

C. FACTUAL AND PROCEDURAL HISTORY

On October 14, 2002, pursuant to a plea agreement in each case, Miller pled guilty to possession of a controlled substance with intent to deliver (Case No. 0827608D) and robbery (Case No. 0853134D) in the 372nd District Court of Tarrant County, Texas, and was placed on five years' deferred adjudication community supervision. (1State Habeas R. at 13-22; 2State Habeas R. at 15-23)[2] As a condition of community supervision, Miller was required to serve no more than one year in a substance abuse treatment facility in accordance with article 42.12, § 14(c) of the Texas Code of Criminal Procedure. (1State Habeas R. at 24; 2State Habeas R. at 26) TEX. CODE CRIM. PROC. ANN. art. 42.12, § 14(c) (Vernon 2006). Thereafter, the state moved to proceed to adjudication of his guilt, and, on July 5, 2005, the trial court adjudicated his guilt and, in accordance with a plea bargain agreement in the cases, assessed Miller's punishment at five years' confinement, the sentences to run concurrently. (1State Habeas R. at 30-35; 2State Habeas R. at 30-34) In the judgment adjudicating his guilt in Case No. 0827608D, the trial court credited Miller with 301 days time served. (1State Habeas R. at 34) In Case No. 0853134D, the trial court credited Miller with 299 days time served. Miller did not appeal the judgments. (Petition at 3.)

On October 26, 2006, Miller filed two state habeas applications, one for each case, alleging, as he does now, that he was improperly denied credit for the time he spent in the substance abuse treatment facility as a condition of community supervision. (1State Habeas R. at 8-10; 2State Habeas R. at 6-11) On December 20, 2006, the Texas Court of Criminal Appeals denied the applications without written order. *Ex parte Miller*, Application Nos. 66,326-01 & 66,326-02, at

---

[2]"1State Habeas R." refers to the record of Miller's state habeas Application No. 66,326-01; "2State Habeas R." refers to the record of his state habeas Application No. 66, 326-02.

cover. Miller filed this petition on February 20, 2007.[3] Quarterman has filed an answer with supporting brief and documentary exhibits, to which Miller did not reply.

D. ISSUES

As in state court, Miller argues that he was improperly denied "flat time" credit against his sentence for 300 days spent in the substance abuse treatment facility as a condition of community supervision from March 17, 1993 to January 12, 1994. (Petition at 7.)

E. RULE 5 STATEMENT

Quarterman believes that Miller has exhausted his available state remedies with regard to the issue raised as required by 28 U.S.C. § 2254(b), (c). (Resp't Answer at 3.)

F. STATUTE OF LIMITATIONS

As a preliminary matter, Quarterman argues that Miller's petition for writ of habeas corpus is barred by the federal statute of limitations. (Resp't Answer at 476.) 28 U.S.C. § 2244 imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Miller does not indicate in his petition, however, the date he placed the document in the prison mailing system. (Petition at 9) Thus, he is not entitled to the benefit of the so-called prison mailbox rule. Instead, his petition is deemed filed on February 20, 2007, the date it was file-marked by the clerk of Court for the Southern District of Texas, Beaumont Division.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In effect, Miller is challenging the trial court's July 5, 2005 judgments adjudicating his guilt and the award of time-served credits in the judgments, thus the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz*, the date on which the judgments adjudicating Miller's guilt became final by the conclusion of direct review or the expiration of the time for seeking such review[4]. 28 U.S.C. § 2244(d)(1)(A). Because Miller did not directly appeal the judgments adjudicating his guilt, the judgments became final on August 4, 2005, thirty days after sentence was imposed, and Miller had until August 4, 2006, to file his federal

---

[4]Miller was, or should have been, fully aware of the factual predicate of his claim no later than July 5, 2005, the date of the judgments adjudicating his guilt and setting forth the time to be credited to his sentences. Miller does not allege nor does the record support an allegation that he did not discover, or could not through due diligence have discovered, the fact that he was not given credit for the time he spent in the substance abuse treatment facility at the time of the July 5, 2005 judgments. Accordingly, in this instance, the date of the judgment is the same as the factual predicate date under § 2244(d)(1)(D). As for the other provisions, there are no allegations that the state imposed an unconstitutional impediment to the filing of Miller's petition for federal relief or that the Supreme Court has announced a new rule(s) applicable to his claim. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(C) do not apply.

4

petition.[5]  TEX. R. APP. P. 26.2(a)(1).

Miller's state habeas applications, filed after limitations had expired, did not operate to toll the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has he replied to Quarterman's answer or otherwise asserted a reason(s) for his failure to timely file a federal habeas petition, and the record reveals none.  Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Miller's petition filed on February 20, 2007, is therefore untimely.

## II.  RECOMMENDATION

Miller's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file

---

[5]Quarterman, citing only to Texas law, argues that the trial court's judgments adjudicating Miller's guilt became final for purposes of subsection (A) on July 5, 2005, the date the judgments were entered, because Miller voluntarily waived his right to appeal, among other rights, as part of the plea bargain agreements.  (Resp't Answer at 5-6)  A review of relevant federal cases, however, reveals that under these circumstances the limitations period starts after expiration of the statutory appeal time.  *See, e.g., Flournoy v. Director*, Civil Action No. 6:06-CV-555, slip copy, 2007 WL 545684, at *3 (E.D. Tex. Feb. 16, 2007); *Hennington v. Johnson*, Civil Action No. 4:00-CV-0292-A, slip copy, 2001 WL 210405, at *2 (N.D. Tex. Feb. 28, 2001).  *See also Eckenrode v. U.S.*, Nos. EP-00-CA-027-DB & EP-97-CR-781-DB, slip copy, 2000 WL 33348759, at *2 (W.D. Tex. Aug. 2, 2000).

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 29, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 29, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 8, 2008.

      /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE